UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BAYTOPS, #637359,

        Plaintiff,                    Case No 20-cv-11630
                                                  Hon. Matthew F. Leitman
v.

STEVE SLOMINSKI, *et al.*.,

        Defendants.
_____/

**ORDER (1) DISMISSING IN PART CIVIL RIGHTS COMPLAINT (ECF No. 1) AND (2) DIRECTING PLAINTIFF TO PROVIDE SERVICE COPIES**

**I**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983. Michigan prisoner Milton Baytops alleges that his constitutional rights were violated when he was subjected to excessive force by police during a raid at a residence in Alpena, Michigan in March 2019. (*See Compl.*, ECF No. 1, PageID.5, 7.)  He also alleges that, at trial, there was no DNA or fingerprints on the money or the drugs found during the raid. (*See id.*, PageID.8.)  State records reveal that Baytops was convicted of two counts of delivery/manufacture of less than 50 grams of narcotics/cocaine and one count of conspiracy to do the same following a jury trial in the Alpena County Circuit Court.

1

The state court then sentenced him to concurrent terms of 5 to 20 years imprisonment on those convictions on July 30, 2019.[1]

Baytops brings his Complaint against the following Defendants: detectives/officers Steve Slominski, Lincoln Suszok, Scott Wood, the members of the Huron Undercover Narcotics Team ("HUNT") of Alpena County, alleged confidential informant/citizen Wendy Mcleod, and citizens Chastity Wolff, Aaron Bisonnette, and Kayla Woodham. (*See id.*)  He has sued the Defendants in both their official and personal capacities. (*See id.*)  He seeks injunctive relief, monetary damages, and any other appropriate relief.  On August 5, 2020, the Court granted Baytops' application to proceed *in forma pauperis* in this action. (*See* Order, ECF No. 7.)

## II

Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which

---

[1] *See* Baytops' Offender Profile, Michigan Department of Corrections Offender Tracking Information System: http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=637359.

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that all complaints, including those filed by *pro se* litigants, set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

3

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

As an initial matter, to the extent that Baytops challenges the validity of his prosecution and his state criminal proceedings in this action, the Court will dismiss those claims. A civil rights action under 42 U.S.C. § 1983 is not the appropriate vehicle to challenge the validity of prisoner's continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, unless and until the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254). This holds true regardless of the relief sought by the plaintiff. *See id*. at 487-89. *Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate

the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, if Baytops were to prevail on claims challenging the validity of his state criminal proceedings, his continued confinement would be called into question. Consequently, any claims in his Complaint concerning the validity of his state criminal proceedings and his continued confinement are barred by *Heck* and must be dismissed.

In addition, the Court will dismiss Baytops' claims against Defendants Wendy Mcleod, Chastity Wolff, Aaron Bisonnette, and Kayla Woodham. These Defendants are not state actors and thus they are not subject to suit under Section 1983. Indeed, it is well-settled that a plaintiff must demonstrate that the conduct which caused his or her alleged injury is "fairly attributable to the State" in order to state a civil rights claim under § 1983. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). Conduct which deprives a party of a federally protected right can be said to be fairly attributable to the state when: (1) the deprivation is caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) the party charged with the deprivation may be fairly described as a state actor. *See id.* Defendants Mcleod, Wolff, Bisonnett, and Woodham are private citizens, not state actors.[1] Thus, they are not subject to suit under Section 1983.

---

[1] While Baytops alleges that defendant Mcleod is a confidential informant, such that she could possibly be deemed a state actor, *see, e.g., Hiser v. City of Bowling Green*, 42 F.3d 382, 383 (6th Cir. 1994), he fails to allege facts showing that she was personally involved in the use of excessive force, which is the only surviving claim.

Construing the complaint liberally, however, the Court finds that Baytops does allege sufficient facts to state a claim for relief against the remaining Defendants: Steve Slominski, Lincoln Suszok, Scott Wood, and the members of HUNT who participated in the raid, concerning the use of excessive force at the time of the raid. While Baytops may or may not ultimately prevail on these claims, he has pleaded sufficient facts to state a potential claim for relief. Service of the civil rights Complaint upon Defendants Slominski, Suszok, Wood, and the participating members of HUNT (once they are identified) is therefore appropriate.

### III

For the reasons stated above, the Court concludes that Baytops fails to a claim upon which relief may be granted under 42 U.S.C. § 1983 as to claims challenging the validity of his state criminal proceedings and his continued confinement. It further concludes that Defendants Mcleod, Wolff, Bisonnett, and Woodham are not state actors subject to suit in this action, and that Baytops fails to state a claim against defendant Mcleod to the extent that she may be deemed a state actor. Accordingly, the Court

---

It is well-settled that a civil rights plaintiff must allege the personal involvement of a defendant to state a claim under Section 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009); *Taylor v. Michigan Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Thus, any claims against Mcleod must be dismissed.

6

**DISMISSES WITH PREJUDICE** those claims and those Defendants from this action.

The Court further concludes that the excessive force claims against the remaining Defendants (Slominski, Suszok, Wood, and the participating members of HUNT) are not subject to summary dismissal. Accordingly, the Court **DIRECTS** Baytops to provide the Court with **3** copies of the civil rights Complaint for service upon defendants Slominski, Suszok, and Wood by no later than **October 1, 2020** so that service may be effectuated upon those Defendants. The Court shall provide Baytops with one copy of the Complaint, which should be returned to the Court with the additional copies. Failure to comply with this order may result in dismissal of this action.

Finally, the Court concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 5, 2020

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 5, 2020, by electronic means and/or ordinary mail.

                          s/Holly A. Monda
                          Case Manager
                          (810) 341-9764