UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BAYTOPS,

               Plaintiff,               Case No. 4:20-cv-11630
                                      District Judge Matthew F. Leitman
v.                                  Magistrate Judge Anthony P. Patti

STEVE SLOMINSKI, *et al*.,

               Defendants.

_____/

**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO
GRANT DEFENDANT SUSZEK'S MOTION TO DISMISS AND/OR FOR
SUMMARY JUDGMENT (ECF No. 37) AND DEFENDANT SLOMINSKI'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 39), AND ORDER
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S SECOND
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF No.
45), DIRECTING THE CLERK OF THE COURT TO SUBSTITUTE
DEFENDANTS, DIRECTING THE USMS TO SERVE ECF Nos. 1, 8, AND
THIS ORDER (ECF No. 49) UPON THOSE DEFENDANTS, AND
STRIKING ECF Nos. 28 and 44</u>**

**I.    RECOMMENDATION**:  Plaintiff's second motion for leave to file an

amended complaint (ECF No. 45) is **GRANTED IN PART** and **DENIED IN**

**PART**, and the Clerk of the Court is **DIRECTED** to substitute the following

names for the John Doe Defendants listed in Plaintiff's original complaint (ECF

No. 1) (in their individual and official capacities): (1) Lubelan; (2) T. Pinkerton;

(3) Ziecina; (4) Kearns; (5) Lewis; (6) Miller; (7) Phillips; (8) Taylor; and (9)

Drogowski, all allegedly members of the Michigan State Police Emergency

Support Team (EST) who conducted the raid on his residence.  (*See* ECF No. 45, PageID.511-514; *see also* ECF No. 44, PageID.509 and ECF No. 18-1, PageID.110.)  As ECF No. 1 remains the operative pleading, the Court **STRIKES** from the docket Plaintiff's proposed amended complaints at ECF Nos. 28 and 44.

The Court also **DIRECTS** the USMS to serve upon those newly identified Defendants Plaintiff's complaint (ECF No. 1), which remains the operative pleading, as well as the Court's August 5, 2020 order dismissing claims (ECF No. 8) and a copy of this Order (ECF No. 49) at 3283 W. Washington, Drive, Alpena, MI, 49707.  This is the address listed for the MSP EST Alpena Team that appears in the Incident Report attached as Exhibit C to Defendant Wood's motion for summary judgment, the same Incident Report that lists the EST members now substituted.  (ECF No. 18-1, PageID.109-111.)

Further, the Court should **GRANT** Defendant Lincoln Suszek's motion to dismiss and/or for summary judgment (ECF No. 37), and Defendant Steve Slominski's motion for summary judgment (ECF No. 39).  As the Court is denying Plaintiff's motion for leave to amend (ECF No. 45) insofar as he seeks to add or re-state a claim against Defendant Slominski, no claims remain against these Defendants and the Court should dismiss them from the case with prejudice. Should the Court agree, the only remaining claim would be that for excessive force against the nine newly identified Defendants.

2

## II.    REPORT

### A.    Background

#### 1.    Factual Background

On June 8, 2020, Plaintiff Milton Baytops, a state prisoner proceeding

without the assistance of counsel, filed a complaint in the United States District

Court for the Western District of Michigan against: Alpena County Sheriff's

Department Detectives Steve Slominski and Lincoln Suszek[1]; Michigan State

Police Detective Sergeant Scott Wood; John Doe members of the Alpena County

Huron Undercover Narcotics Team (HUNT);[2] alleged confidential informant (CI)

Wendy Macleod; and citizens Chastity Wolf, Aaron Bisonnette, and Kayla

Woodham, which was transferred to this Court on June 22, 2020.  (ECF Nos. 1 &

3.)  As summarized by this Court in its August 5, 2020 order:

> This is a *pro se* civil rights case brought pursuant to 42 U.S.C. §
> 1983.  Michigan prisoner Milton Baytops alleges that his
> constitutional rights were violated when he was subjected to excessive
> force by police during a raid at a residence in Alpena, Michigan in
> March 2019.  (*See Compl.*, ECF No. 1, PageID.5, 7.)  He also alleges
> that, at trial, there was no DNA or fingerprints on the money or the

---

[1] The Court will use the spelling of Defendant Suszek's name as it appears in his answer (ECF No. 19) as opposed to on the docket.

[2] Prior to Plaintiff's current second motion for leave to file an amended complaint (ECF No. 45), the John Doe Defendants had not yet been specifically identified. As the Court learned from Defendant Wood's motion for summary judgment (ECF No. 18, PageID.57-58), the team that actually conducted the raid was the Michigan State Police EST, so throughout the rest of this Report and Recommendation I will refer to the John Doe HUNT members as the John Doe EST members.

3

drugs found during the raid.  (*See id.*, PageID.8.)  State records reveal that Baytops was convicted of two counts of delivery/manufacture of less than 50 grams of narcotics/cocaine and one count of conspiracy to do the same following a jury trial in the Alpena County Circuit Court. The state court then sentenced him to concurrent terms of 5 to 20 years imprisonment on those convictions on July 30, 2019.

*  *  *

He has sued the Defendants in both their official and personal capacities.  (*See id.*)  He seeks injunctive relief, monetary damages, and any other appropriate relief.

(ECF No. 8, PageID.20-21.)

In that same order, the Court dismissed Plaintiff's claims against Defendants Macleod, Wolf, Bisonnette, and Woodham because they are not state actors and, thus, not subject to suit under 42 U.S.C. § 1983.  (ECF No. 8, PageID.24.)  And to the extent Plaintiff challenged the validity of his prosecution and state criminal proceedings, the Court dismissed those claims, citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  (ECF No. 8, PageID.23-24.)

For similar reasons, on April 21, 2021, the Court denied Plaintiff's motion for leave to file an amended complaint (ECF No. 27), by which he sought to correct errors of fact and the omission of claims, and to add defendants to the lawsuit.  (ECF No. 35.)  Further, on July 8, 2021, the Court adopted my Report and Recommendation to grant Defendant Wood's motion for summary judgment, and dismissed him from the case.  (ECF No. 48.)  Thus, the only remaining claim is

4

that for excessive force against Defendants Slominski, Suszek, Wood, and the John

Doe EST members.  (ECF No. 8, PageID.25.)

Specifically, Plaintiff alleges that his constitutional rights were violated

when: (1) unknown EST members unlawfully beat him inside of the apartment

during the raid, and left him to sit on the porch in the cold wearing no socks, shoes,

or shirt, as allegedly evidenced by bodycam footage; (2) Defendant Slominski, *et*

*al.*, told the HUNT members that he could not be left outside in the cold; (3) the

EST members who conducted the raid were unsupervised; and (4) Defendant

Suszek, *et al.*, sat and looked on as he bled outside in the cold.  (ECF No. 1,

PageID.5-8, ¶¶ 1-5, 9, 11-12, 14.)

## 2.    Instant Motions

On May 5, 2021, Defendant Suszek filed a motion to dismiss and/or for

summary judgment pursuant to Fed. R. Civ. P. 12(c) and 56, asserting that "this

Court should enter judgment in [his favor] for three reasons: (1) Plaintiff has failed

to allege plausible facts giving rise to any viable claims against [him]; (2) [he] did

not violate Plaintiff's constitutional rights; and (3) to the extent that any confusion

remains, [he] is entitled to qualified immunity."  (ECF No. 37, PageID.413-414.)

Defendant Slominski filed his own motion for summary judgment on May 14,

2021, asserting that the Court should dismiss Plaintiff's claims against him for the

same reasons.  (ECF No. 39, PageID.434, 442-450.)

The Court ordered that Plaintiff respond to the motions by June 8 and 17, 2021, respectively (ECF Nos. 38, 40), and on May 25, 2021,[3] Plaintiff filed what the Court should consider his response to the dispositive motions as well as his second motion for leave to file an amended complaint (ECF No. 45).  As his response, Plaintiff states only:

> The Complaint deadline is June 17, 2021, for to respond back to defendants['] motions and briefs are met with this amendments.
>
> \* \* \*
>
> I state for the reason above mentioned in this paragraph Steve Slominski, et al., shall not be allowed to be granted summary judgment or other relief due to his perjured statements made in court that was placed on records I can provide.

(ECF No. 45, PageID.511, 515.)[4]

Further, Plaintiff seeks leave to amend his complaint pursuant to Fed. R. Civ. P. 15(a), to add the names of the 9 John Doe EST members he alleges used excessive force against him, in their individual and official capacities, and to re-state and clarify a claim against Defendant Slominski.  (ECF No. 45.)  Specifically,

---

[3] The motion was filed on May 25, 2021, but not docketed until June 7, 2021.

[4] The Court notes that whatever these allegedly "perjured" statements from the criminal trial might be, the place to take up his challenge to them and the credibility of the witness who made them was in his state court trial and appeals, not in this civil suit.  The jury in the criminal trial either did or did not credit that testimony, and the state judicial officers either did or did not permit it.  To the extent Plaintiff suggests it should be reviewed here, his challenge is *Heck* barred, as discussed above, below, and in the Court's prior dismissal order.  (ECF No. 8.)

he seeks to allege the following against Defendant Slominski: "Also while in court

the leading investigator that was the original detective-affiant on court video can

be seen head signalling [sic] C.I. with yes and no gestures by means of head shakes

while setting [sic] next to the prosecutor as prosecutor was asking questions."

(ECF No. 45, PageID.515.)  He also appears to make a discovery request in the

motion, stating:

> The additional 9 added Defendants body cams footages of their
> entering place and arresting me from beginning to my being arrested
> end is now requested.  Will this Court provide discovery of the above
> mentioned be court ordered?

(ECF No. 45, PageID.516.)

On the same day he filed his second motion for leave to file an amended

complaint, Plaintiff filed a second amended complaint.  (ECF No. 44.)  The second

amended complaint is simply his original complaint photocopied, with a different

cover page and different exhibits, including his second motion for leave to amend

labeled "Attachment C."  (ECF No. 44.)  The cover page, or first page, states:

> To whom this concerns all previous filed claims in my complaint's
> [sic] are still the same except for added to this complaint claims are
> more names of defendants to gear claims against whom they correctly
> belong.  See (attachment, C.) 2nd Amendments of Complaint,
> requested jury trial.

(ECF No. 44, PageID.482.)

Defendant Suszek filed his reply to Plaintiff's response/second motion for

leave to file an amended complaint on June 22, 2021, stating in part:

> On June 7, 2021, Plaintiff filed a motion for leave to file a Second
> Amended Complaint ('SAC').  (RE 45).  However, Plaintiff's
> proposed Second Amended Complaint does not alter the reasons for
> dismissing Defendant Suszek as the proposed SAC does not change or
> amend the claims against him.

(ECF No. 46, PageID.520.)  Defendant Slominski filed his reply on July 1, 2021,

asserting that the allegation Plaintiff seeks to add against him was already disposed

of by the Court in its order denying Plaintiff's first motion for leave to amend

(ECF No. 47, PageID.525-526 (citing ECF No. 35)), and that, "Plaintiff's proposed

Second Amended Complaint does not alter the reasons for dismissing Defendant

Slominski and in fact makes clear that [Plaintiff] is no longer accusing Defendant

Slominski of having anything to do with his alleged beating" (ECF No. 47,

PageID.525).

### B.    Standards

Defendant Slominski brings his motion for summary judgment pursuant to

Fed. R. Civ. P. 56.  (ECF No. 39, PageID.434.)  Defendant Suszek bring his

motion pursuant to both Fed. R. Civ. P. 12(c) and 56 (ECF No. 37, PageID.407)

but, as I have considered the declaration attached to his motion in making my

recommendation, it is most appropriate to apply the Rule 56 standard here.  Fed. R.

Civ. P. 12(d) specifies: "If, on a motion under Rule 12(b)(6) or 12(c), matters

outside the pleadings are presented to and not excluded by the court, the motion

must be treated as one for summary judgment under Rule 56.  All parties must be

given a reasonable opportunity to present all the material that is pertinent to the motion." *See also Wysocki v. Int'l Business Machine Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010) ("The federal rules require that if, in a 12(b)(6) [and, thus, 12(c)] motion to dismiss 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'") (quoting Fed. R. Civ. P. 12(d)).

### 1.    Rule 56 Summary Judgment

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it might affect the outcome of the case under governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of material fact exists . . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact," the court may "consider the fact undisputed for purposes of the motion").  "Once the moving

9

party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The nonmoving party "must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009); *see also Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 441 (6th Cir. 2011) ("The nonmovant must . . . do more than simply show that there is some metaphysical doubt as to the material facts[.] . . . [T]here must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute.") (internal quotation marks and citations omitted). "Such evidence submitted in opposition to a motion for summary judgment must be admissible." *Alexander*, 576 F.3d at 558 (internal quotation marks and citations omitted). In other words, summary judgment is appropriate when the motion "is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case[.] . . ." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

The fact that Plaintiff is *pro se* does not reduce his obligations under Rule 56. Rather, "liberal treatment of *pro se* pleadings does not require lenient

treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  In addition, "[o]nce a case has progressed to the summary judgment stage, . . . 'the liberal pleading standards under *Swierkiewicz* [*v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)] and [the Federal Rules] are inapplicable.'" *Tucker v. Union of Needletrades, Indus., & Textile Emp.*, 407 F.3d 784, 788 (6th Cir. 2005) (quoting *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).  The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter [this] duty on a summary judgment motion." *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001) (affirming grant of summary judgment against a *pro se* plaintiff because he "failed to present any evidence to defeat the government's motion").

### 2.    Amendment under Rule 15

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings at this stage of the proceedings only after obtaining leave of court.  The Rule provides that the court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'"  *Carson v.*

*U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting

*Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

> **C.    Order Regarding Plaintiff's Second Motion for Leave to File an Amended Complaint (ECF No. 45)**

The Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's second

motion for leave to file an amended complaint as follows.  (ECF No. 45.)

To the extent Plaintiff seeks leave to add or re-state a claim against

Defendant Slominski that "while in court the leading investigator that was the

original detective-affiant on court video can be seen head signalling [sic] C.I. with

yes and no gestures by means of head shakes while setting [sic] next to the

prosecutor as prosecutor was asking questions" (ECF No. 45, PageID.515), the

motion is **DENIED** for the same reasons the Court denied Plaintiff's previous

request to add claims against Defendant Slominski (ECF No. 35, PageID.373-

375).[5]  Such a claim would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-

87 (1994), in which the Supreme Court held that a state prisoner fails to state a

cognizable civil rights action under 42 U.S.C. § 1983 if a ruling on the claim(s)

---

[5] As stated in that order, with his previous motion for leave to amend, Plaintiff
sought "to add a Fourth Amendment claim against Defendant Slominski on the
basis that he made false statements in an affidavit submitted to obtain a search
warrant, as evidenced by a contradictory audio recording, as well as allegations
that proposed Defendant [former Alpena prosecutor Ed] Black allowed Defendant
Slominski and a CI to testify falsely."  (ECF No. 35, PageID.370-371 (citing ECF
No. 27, PageID.196-197, 201-205, ¶¶ 8-10, 14-15, 20-23).)

asserted would necessarily render his conviction or sentence invalid, unless he proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." If Plaintiff were to prevail on this claim, his continued confinement would necessarily be called into question, as it yet again seems to attack the credibility of the criminal trial testimony, all of which would have been in play and considered by the trier of fact in that proceeding.

And, as he failed to do in support of his previous motion for leave to amend (*see* ECF No. 35, PageID.374-375), Plaintiff has offered no proof that his conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck*, 512 U.S. at 486-87. In fact, Plaintiff's convictions were affirmed on direct appeal, *People v. Baytops*, No. 350367, 2021 WL 220788 (Mich. Ct. App. Jan. 21, 2021), and since the Court issued its order denying Plaintiff's first motion for leave to amend, the Michigan Supreme Court denied Plaintiff's application for leave to appeal that decision, *People v. Baytops*, 959 N.W.2d 498 (Mich. June 1, 2021).

Further, insofar as Plaintiff requests discovery within his second motion for leave to file an amended complaint (ECF No. 45, PageID.516), that request is

13

**DENIED**.  Discovery requests are to be made to the opposing party, not the Court. *See* Fed. R. Civ. P. 26(b); *Babb v. Osbourne*, No. 4:16-CV-P29, 2016 WL 7175630, at *1 (W.D. Ky Dec. 8, 2016) ("Discovery requests . . . are to be made directly to the opposing party in the first instance.").

However, to the extent Plaintiff seeks to amend his complaint to identify the John Doe Defendants who allegedly conducted the subject raid (ECF No. 45, PageID.511-514), the motion is **GRANTED**.  The Clerk of the Court is **DIRECTED** to substitute the following names for the John Doe Defendants listed in Plaintiff's original complaint (ECF No. 1) (in their individual and official capacities): (1) Lubelan; (2) T. Pinkerton; (3) Ziecina; (4) Kearns; (5) Lewis; (6) Miller; (7) Phillips; (8) Taylor; and (9) Drogowski, all allegedly members of the EST who conducted the raid on his residence.  (*See* ECF No. 45, PageID.511-514; *see also* ECF No. 44, PageID.509 and ECF No. 18-1, PageID.110.)  As ECF No. 1 remains the operative pleading, the Court **STRIKES** from the docket Plaintiff's proposed amended complaints at ECF Nos. 28 and 44.

The Court also **DIRECTS** the USMS to serve upon those newly identified Defendants Plaintiff's complaint (ECF No. 1), which remains the operative pleading, as well as the Court's August 5, 2020 order dismissing claims (ECF No. 8) and a copy of this Order (ECF No. 49) at 3283 W. Washington, Drive, Alpena, MI, 49707.  This is the address listed for the MSP EST Alpena Team that appears

14

in the Incident Report attached as Exhibit C to Defendant Wood's motion for summary judgment, the same Incident Report that lists the EST members now substituted.  (ECF No. 18-1, PageID.109-111.)

### D.    Discussion of Dispositive Motions

 Consistent with my prior report and recommendation (ECF No. 43), the Court should grant Defendant Suszek's motion to dismiss and for summary judgment (ECF No. 37), and Defendant Slominski's motion for summary judgment (ECF No. 39), and dismiss both Defendants from the case.  For the sake of efficiency, I will not recite all of the relevant law or prior analysis, but instead refer the Court to the prior R&R.

### 1.    Defendant Suszek's motion to dismiss and/or for summary judgment (ECF No. 37)

The Court should grant summary judgment on Plaintiff's excessive force claim against Defendant Suszek for the reasons stated below and as discussed previously at ECF No. 43, PageID.468-478.

Defendant Suszek first asserts entitlement to dismissal because Plaintiff has failed to allege a viable excessive force claim against him.  (ECF No. 37, PageID.413-414, 419-420.)  "'Section 1983 provides a cause of action against any person who, under color of state law, deprives an individual of any right, privilege, or immunity secured by the Constitution and federal law.'"  *Regets v. City of Plymouth*, 568 F. App'x 380, 386 (6th Cir. 2014) (quoting *McKnight v. Rees*, 88

F.3d 417, 419 (6th Cir. 1996)).  However, § 1983 does not "permit individuals to

sue state actors in the abstract; it requires them to connect alleged constitutional

violations of the individuals' rights to state conduct." *Thomas v. Nationwide

Children's Hosp.*, 882 F.3d 608, 614 (6th Cir. 2018).  In the excessive force

context specifically, a plaintiff must prove that the officer "'(1) actively

participated in the use of excessive force, (2) supervised the officer who used

excessive force, or (3) owed the victim a duty of protection against the use of

excessive force.'"  *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (quoting

*Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)).

Even viewing the evidence in a light most favorable to Plaintiff, he has

failed to demonstrate a genuine issue of material fact with regard to Defendant

Suszek's liability for excessive force under any of these theories.  In his supporting

declaration, Defendant Suszek denies any involvement in the raid itself or the

decision to place Plaintiff on the porch, stating:

> I was not involved in Plaintiff's arrest and was not inside the
> residence at the time that Plaintiff was arrested.  I did not witness any
> use of force against Plaintiff.
>
> Once Plaintiff was secured and removed from the residence, I, along
> with other HUNT team members entered the residence to assist in
> executing the search warrant.
>
> Upon approaching the home, I witnessed Plaintiff on the front porch
> of the residence wearing pants but no shirt.  Plaintiff was swearing
> and threatening officers at the time.

> Before he was placed inside a police vehicle, Plaintiff remained on the porch for [a] short amount of time, about a minute or so.
>
> I was not involved in the decision to arrest Plaintiff or to place Plaintiff on the front porch.

(ECF No. 37-1, PageID.430-431, ¶¶ 12-16.)

Plaintiff has produced no evidence to the contrary, nor even attempted to address the merits of Defendant Suszek's motion or mention him by name in the response/second motion for leave to file an amended complaint.  (*See* ECF No. 45.)  Thus, Plaintiff has failed to establish a genuine issue of material fact that Defendant Suszek actively participated in any alleged excessive force.

The same is true to the extent Plaintiff alleges that Defendant Suszek owed him a duty of protection against the use of excessive force, either during the raid inside the residence or outside on the porch.  In his complaint, Plaintiff alleges that Defendant Suszek "et al." looked on as he was bleeding and left to sit in the cold. (ECF No. 1, PageID.5, ¶ 4.)  Referencing the DVD dashcam video attached to Defendant Wood's summary judgment motion (ECF No. 37, PageID.422; ECF No. 26), as well as his declaration, Defendant Suszek acknowledges that he did witness Plaintiff on the porch with no shirt, though he was not involved in the decision to put him there (ECF No. 37-1, PageID.431, ¶¶ 14, 16), but asserts that Plaintiff was only on the porch for 70 seconds before being transferred to a police vehicle,

17

making his actions "neither unreasonable nor conscience shocking in the constitutional sense, as a matter of law" (ECF No. 37, PageID.422).

I agree.  As stated in my previous Report and Recommendation, the dashcam video shows Plaintiff on the porch, without a shirt on, for approximately 70 seconds before officers walk him to a patrol car (Exhibit B, ECF No. 26, 7:10-8:20), which no reasonable fact-finder could find unreasonable in light of the totality of the circumstances.   (ECF No. 43, PageID.474 n.6.)

Finally, Plaintiff has failed to demonstrate a genuine issue of material fact with respect to Defendant Suszek's liability for the alleged excessive force based on supervision.  Plaintiff does not even plead supervisory liability, merely alleging that:

> Lincoln Suszok, et al., as detectives was also waiting outside was just looking on as I was bleeding from being beating from the hands of the Alpena County Hunt-team members had laid hands on me and left me to sit on porch in cold. (EMS) was called, all agents had (body cams) on and their agents was unsupervised when [entering] the apartment home they had prior plainted [sic] a "CI" whom was visiting the home who also was a user and unsupervised agent.

(ECF No. 1, PageID.5, ¶ 4.)  And "'Section 1983 liability will not be imposed solely upon the basis of respondeat superior.'" *Taylor v. Mich. Dep't of Corrections*, 69 F.3d 76, 81 (6th Cir. 1995) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), cert. denied, 469 U.S. 845 (1984)). "In order to establish personal liability for a failure to train and supervise '[t]here must be a showing that

the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. *At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate*.'" *Coley v. Lucas Cty., Ohio*, 799 F.3d 530, 542 (6th Cir. 2015) (quoting *Taylor*, 69 F.3d at 81 (emphasis in original)).

Again, in his declaration, Defendant Suszek states that he witnessed Plaintiff sitting on the porch, but "was not involved in the decision to arrest Plaintiff or to place Plaintiff on the front porch." (ECF No. 37-1, PageID.431, ¶¶ 14-15.)  From these unrebutted statements, it is undisputed that he did not authorize, approve of, or knowingly acquiesce in the alleged excessive force, either during the raid inside or after Plaintiff's arrest.  And Plaintiff's mere allegation that Defendant Suszek looked on (ECF No. 1, PageID.5, ¶ 4), does not alter this conclusion or satisfy his burden of establishing a genuine material factual dispute in a summary judgment context, especially when considered in combination with Defendant Suszek's declaratory statements that he did not participate in the arrest or see Plaintiff on the porch until he approached the house (ECF No. 37-1, PageID.430-431, ¶¶ 12, 14). *Alexander*, 576 F.3d at 558; *see also Lee*, 432 F. App'x at 441.

Defendant Suszek also asserts entitlement to qualified immunity, stating:

> Given undisputed material facts and footage, Plaintiff cannot meet his burden in demonstrating that it was clearly established on

March 5, 2019 that Officer Suszek's conduct in allowing Plaintiff to remain on a porch for 70 seconds with no shoes and shirt violated Plaintiff's constitutional rights in these particularized circumstances. Plaintiff can neither cite a case on-point or a robust consensus of authority establishing any constitutional violations. Officer Suszek is, therefore, entitled to qualified immunity and summary judgment.

(ECF No. 37, PageID.424-425.) Should the Court agree that Plaintiff has failed to demonstrate a genuine material factual dispute regarding whether Defendant Suszek committed constitutional harm, the Court should find that he is entitled to qualified immunity. *Stoudemire v. Mich. Dep't of Corrections*, 705 F.3d 560, 567 (6th Cir. 2013).

### 2. Defendant Slominski's motion for summary judgment (ECF No. 39)

For all of the same reasons, the Court should grant Defendant Slominski's motion for summary judgment (ECF No. 39) and dismiss him from the case as well.

Defendant Slominski asserts that "[b]ecause, as indicated, [he] was not involved in arresting [Plaintiff], did not use force against him and did not leave him out in the cold without clothes, he could not have violated [Plaintiff's] constitutional rights and is entitled to qualified immunity and dismissal." (ECF No. 39, PageID.442.) For the reasons stated in the previous Report and Recommendation and summarized above, as well as the reasons that follow, I agree.

With the denial of Plaintiff's second motion for leave to amend as to all but naming of the John Doe defendants, the only specific allegation Plaintiff makes against Defendant Slominski in his complaint with regard to excessive force is that he told EST members he could not be left outside in the cold.  (ECF No. 1, PageID.5, ¶ 3.)  But in Defendant Slominki's November 25, 2020 affidavit, attached in support of his motion for summary judgment, he attests:

> I am not a member of the EST and did not participate in the search warrant entry which resulted in the contact and/or arrest of the Plaintiff.  Further, [neither] I nor any member of HUNT, entered the apartment prior to the EST completing their entry, securing the occupants of the apartment, and advising the apartment was safe to enter.  At that time, I and HUNT members entered the apartment to conduct an evidentiary search of the residence and interview the remaining occupants.
>
> When I and members of HUNT arrived at the scene to conduct an evidentiary search of the apartment, *Plaintiff had already been secured in a patrol car* where Plaintiff remained until Plaintiff was transported to the Alpena County Jail by a uniformed Michigan State Police Trooper.
>
> At no time during the execution of this search warrant did I have any contact physically or verbally with Plaintiff, nor did I or any member of HUNT use any physical force against Plaintiff.

(ECF No. 39-2, PageID.455-456, ¶¶ 11-13 (emphasis added).)  From these unrebutted statements, it is undisputed that Defendant Slominski neither participated in the raid, nor the decision to place Plaintiff on the porch.  And beyond the single factual allegation mentioned above, Plaintiff has produced nothing to create a genuine issue of material fact otherwise.  Accordingly, for all of

21

the same reasons identified above and in my previous Report and Recommendation, the Court should find that Plaintiff is entitled to summary judgment and qualified immunity on Plaintiff's excessive force claim, and dismiss him from the case.

### E.    Conclusion

Plaintiff's second motion for leave to file an amended complaint (ECF No. 45) is **GRANTED IN PART** and **DENIED IN PART**, as described above.

In addition, the Court should **GRANT** Defendant Lincoln Suszek's motion to dismiss and/or for summary judgment (styled as a motion to dismiss) (ECF No. 37), and Defendant Steve Slominski's motion for summary judgment (ECF No. 39). As the Court is denying Plaintiff's motion for leave to amend (ECF No. 45) insofar as he seeks to add a claim against Defendant Slominski, no claims remain against these Defendants and the Court should dismiss them from the case with prejudice. Should the Court agree, the only remaining claim would be that for excessive force against the nine newly-identified Defendants.

## III.   PROCEDURE ON OBJECTIONS

### A.    Report and Recommendation

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchr's, Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

**B.    Order**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

which to file objections for consideration by the district judge under 28 U.S.C. §

636(b)(1).

**IT IS SO ORDERED.**

Dated:  December 14, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE