UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MILTON BAYTOPS,

     Plaintiff,

v.

                               Case No. 20-11630
                               District Judge Matthew F. Leitman
                               Magistrate Judge Anthony P. Patti

STEVE SLOMINSKI, *et al.*,

     Defendants.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 76)

**I.**    **RECOMMENDATION**:  The Court should **GRANT** Defendants' motion to dismiss (ECF No. 76) and **DISMISS** Plaintiff Milton Baytops' complaint.

**II.**    **REPORT**

    **A.**    **BACKGROUND**

        **1.**    **Factual Background**

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.

Michigan prisoner Milton Baytops alleges that his constitutional rights were violated when he was subjected to excessive force by police during a raid at his girlfriend's apartment in Alpena, Michigan in March 2019. (ECF No. 1, PageID.5, 7).

Baytops lists the following defendants: (1) two Alpena County Sheriff's Department Detectives; (2) a Michigan State Police Detective; (3) an alleged confidential informant; (4) three citizens; and (5) John Doe members of the Alpena County Huron Undercover Narcotics Team ("HUNT"). (ECF Nos. 1 & 3).

Although ECF No. 1 remains the operative pleading, the Court partially granted Baytops' motion for leave to amend the complaint (ECF No. 45), and in doing so directed the Clerk of the Court to simply substitute the nine "John Doe" defendants on the docket with their now identifiable names, as if stated in the original pleading (ECF No. 49, PageID.543). They are: (1) Lubelan; (2) T. Pinkerton; (3) Ziecina; (4) Kearns; (5) Lewis; (6) Miller; (7) Phillips; (8) Taylor; and (9) Drogowski. (ECF No. 45). Baytops clarified that these nine defendants are members of the Michigan State Police Emergency Support Team ("EST"), not members of HUNT – as originally alleged. (*Id*.; ECF No. 45).

The Court previously dismissed all of the defendants and all of Baytops' claims except his excessive force claim against the nine members of the Michigan State Police EST ("Defendants"). (*See* ECF Nos. 8, 48 & 50).

Baytops' alleges that Defendants conducted the raid on his girlfriend's apartment. He alleges they violated his constitutional rights by unlawfully beating him inside the apartment during the raid and leaving him to sit on the porch in the

cold wearing no socks, shoes, or shirt. (ECF No. 1, PageID.5, 7).  Baytops sues

Defendants in their official and personal capacities.

On August 4, 2022, the Court entered a scheduling order setting a February

2, 2023 deadline to complete discovery.

## 2.    Defendants' Motion to Dismiss (ECF No. 76)

Defendants move to dismiss the complaint pursuant to Fed. R. Civ. P.

12(b)(6).  They argue: (1) the Eleventh Amendment bars Baytops' claims against

them in their official capacities; (2) Baytops fails to state a claim because he fails

to allege with particularity what each Defendant did to violate his constitutional

rights – i.e., he fails to identify which Defendants allegedly used excessive force or

left him on the porch; and (3) they are entitled to qualified immunity.

In his response, Baytops says: (1) "not all Defendants physical[ly] beat[]

[him] but all Defendants witness[ed] it and fail[ed] to report the police

misconduct"; and (2) "some . . . officers used excessive force and some watch [*sic*]

and one or two arrested the two females in the apartment [*sic*] **which ones don't**

**know**."  (ECF No. 79, PageID.938 (emphasis added)).

The Honorable Matthew F. Leitman referred the case to me for all pretrial

matters on October 21, 2020. (ECF No. 22).

**B.     RULE 12(b)(6) MOTION TO DISMISS STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. The Court must construe a *pro se* civil rights complaint liberally. Nevertheless, the federal rules require that all complaints – including those filed by *pro se* litigants – set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible where the facts allow the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* This requires more than "bare assertions of legal conclusions"; a plaintiff must provide the "grounds" of his or her "entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007); *Twombly*, 550 U.S. at 555 (while detailed factual allegations are not required, a pleading must offer "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). The question is "'not whether [the plaintiff] will ultimately prevail' . . . but whether [the] complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citations omitted).

In deciding a motion under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, accept as true all well-pleaded factual allegations, and draw all reasonable inferences in favor of the plaintiff. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, the Court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citation omitted). The Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

## C.    DISCUSSION

For the reasons explained below, the Court should grant Defendants' motion to dismiss and dismiss Baytops' excessive force claim against them.

### 1.    The Court Should Find that the Eleventh Amendment Bars Baytops' Claims Against Defendants in Their Official Capacities

The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state waives its sovereign immunity and consents to suit or Congress abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). That immunity extends to state officials sued in their official capacity.  Indeed, "a suit against a state official in his or her official

capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* at 71 (internal citation omitted).

The State of Michigan has not consented to suit in civil rights actions in federal court, and Congress did not abrogate state sovereign immunity when it passed § 1983. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Chaz Const., LLC v. Codell*, 137 Fed. Appx. 735, 743 (6th Cir. 2005).

Baytops sues Defendants, who are members of the Michigan State Police. Notwithstanding an imbedded and improper request for discovery within Baytops' prayer for relief, his claims against the Michigan State Police Defendants are all for legal damages, as opposed to equitable relief.  (ECF No. 1, PageID.9.) "[D]amage claims against state government officers in their official capacity are barred by sovereign immunity." *Bormuth v. Whitmer*, 640 F. Supp.3d 640, 650 (E.D. Mich. 2021).  Since all of the remaining defendants are state officials, Baytops' claims against them are subject to dismissal.

The Court should find as such and dismiss Baytops' claims against Defendants in their official capacities.

### 2. The Court Should Find that Baytops Fails to State a Claim Against Defendants and Dismiss the Complaint

Baytops' claim against Defendants is for excessive force in violation of his Fourth Amendment right against unreasonable seizure.

6

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts establishing that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under the color of state law. *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013).

To hold an officer liable for the use of excessive force, a plaintiff must show that the officer: "(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010).

Defendants argue that Baytops fails to state a claim because the complaint is "completely devoid of any specific allegations of conduct by any of the individual Defendants" – i.e., it fails to identify which Defendants allegedly used excessive force or left him on the porch.  Defendants are correct.

"To establish liability against an individual defendant acting under color of state law, a plaintiff must show that the defendant was 'personally involved' in the use of excessive force." *Burley*, 729 F.3d at 619.  Importantly, "[e]ach defendant's liability must be assessed individually based on his own actions," and "mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability." *Binay*, 601 F.3d at 650.

The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (citation omitted). Indeed, "§ 1983 plaintiffs may not 'lump[ ] all defendants together in each claim and provid[e] no factual basis to distinguish their conduct.'" *Lang v. City of Kalamazoo*, 744 Fed. Appx. 282, 292 (6th Cir. 2018) (quoting *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012)). To ensure that the complaint satisfies the above requirements, the Court must analyze separately whether Baytops states a plausible constitutional violation against each individual defendant; it "cannot ascribe the acts of all . . . Defendants to each individual defendant." *Heyne*, 655 F.3d at 564.

Baytops fails to identify which Defendants allegedly used excessive force; instead, he lumps all Defendants together and alleges in conclusory fashion that he was "unlawfully beat[en] by [members] of [the Michigan State Police EST]." (ECF No. 1, PageID.5; ECF No. 45). Baytops' response does not help his cause. Baytops acknowledges in his response that not all Defendants beat him; he also admits that he "d[id not] know" "which ones" used excessive force and which ones either watched or arrested the two women in the apartment. (ECF No. 79,

PageID.938).  The deadline to complete discovery has passed; without this information, Baytops cannot succeed in proving his excessive force claim.

Because the complaint fails to identify with particularity which Defendants allegedly used excessive force, the Court should find that Baytops fails to state a plausible claim for relief against any Defendant. The Court should also find that it would be futile to allow Baytops to amend the complaint. The discovery deadline has passed, and Baytops admits that he does not know each Defendant's particular conduct.

### D.    CONCLUSION

The Court should **GRANT** Defendants' motion to dismiss (ECF No. 76) and **DISMISS** the complaint in its entirety.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must precisely recite the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 30, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE